## ANDERSON v TEXTORIS et

Ohio Appeals, 7th Dist, Mahoning Co

Decided March 11, 1932

Nicholson & Warnock, Youngstown, for plaintiff in error.

Wm. E. Pfau, Youngstown, for defendants in error.

POLLOCK, J.

To this answer there was a reply filed by the plaintiff in which she alleged that there were certain ordinances in this city requiring such companies engaged in the business of the Hertz Drive Yourself System, to carry insurance, and that this was for the benefit of the public. These ordinances are plead.

This company had provided insurance as required by the provisions of these ordinances, and we think we need say nothing further in regard to the ordinances. The reply further alleges that after the accident and with full knowledge of the intoxicated condition of Textoris, the Royal Indemnity Company took charge of this action of the plaintiff's against Textoris, settled with some other persons injured in the same accident, and tried to settle with the plaintiff, and failing so to do that the Indemnity Company took charge of the action against Textoris.

A demurrer was filed to that reply and sustained. The first action in error is prosecuted to this court to reverse the judgment of the court below in sustaining the demurrer to the reply. We think this court has no jurisdiction of that action. Jurisdiction of this court is provided by the Constitution, and of course the legislature can not either add to or take from that jurisdiction, but the Supreme Court has held in a number of cases that the legislature has the power to provide the procedure for prosecution of an error action. §§12247 and 12248 GC, provide when actions can be prosecuted from the Court of Common Pleas to the Court of Appeals. It only says judgments or final orders of the Common Pleas Court. What is a judgment or final order has been before the court a number of times, and the mere sustaining of a demurrer to a pleading is not a judgment or final order. In order to give plaintiff a right to prosecute error from the order sustaining the demurrer, the plaintiff would have been required to permit a judgment to be entered against her. That would have been a final judgment from which error could be prosecuted. The first action is dismissed for want of jurisdiction.

After the demurrer was sustained the plaintiff filed a reply denying that Textoris was intoxicated, which caused the accident that resulted in injury to the plaintiff. The case was tried to the court below, resulting in a verdict in favor of the defendant, the Royal Indemnity Company. The second action in error is prosecuted from the final judgment. The question of whether the court was in error in sustaining the demurrer to reply is now before this court, but before considering that error, we might go further. In the trial of the case the plaintiff, notwithstanding the sustaining of this demurrer, did what is proper under such circumstances to save her rights, offered to prove the facts set up in this demurrer. The objection to this evidence was sustained and plaintiff set out what she expected to prove. It appears from these facts that this company did know that this party was arrested after the accident, placed in

jail for intoxication and plead guilty. It further appears that the Indemnity Company after the accident settled with some other parties. Settling with other parties could have no effect upon the rights of the parties in this action. The Indemnity Company had the right to settle with other parties under any circumstances, without affecting any action it might have with anyone else. It also appears that the Royal Indemnity Company tried to settle with the plaintiff, but failed. It is a well known rule that the offer of settlement can not be used as evidence in a case, but that is not the purpose in this action. The purpose of attempting to prove that the Royal Indemnity Company attempted to settle was to prove or attempting to prove that this company had taken charge of the original action against Textoris and was engaged under their contract of insurance in defending him. It also appears from this statement that on November 3, 1928, the Royal Indemnity Company filed an answer for Textoris in the original case, and it further appears that on the 5th of December the Indemnity Company asked leave of the court and obtained leave to withdraw this answer, and that on December 8, 1928, the Indemnity Company, through its attorneys, wrote a letter to Textoris notifying that the Insurance Company had withdrawn and would not defend in this action. It further appears that this notice was by a registered letter and that Textoris received it on December 11th. On December 8th a judgment was taken without answer by Textoris in the original case by this plaintiff in the sum of $2,000. Then followed this action.

It is urged that by the Indemnity Company taking charge of this original action against Textoris and trying to settle it, and filing an answer in his behalf, and appearing, that it waived any right to defend in the action against it to recover on this judgment on the ground that the car was not covered by their policy at the time of the accident by reason of the intoxication of this party. Our attention has been called to cases in other jurisdictions that seem to sustain this proposition.

The Supreme Court of this state has held that the rights of the injured party after obtaining a judgment against the negligent party who is insured, are no greater against the party insuring the negligent party than the negligent party would have if he had paid the judgment. In other words, Textoris in this case, if for any reason he could not have recovered had he paid this policy against the Indemnity Company, that the plaintiff can not recover under the provisions of the Code under which she is trying

to recover. Stacey v F. & C. Co., 114 Oh St, 633.

The rights of these parties were determined or provided by the insurance policy, and in determning what the insurance company must do, what it was required to do, we must look to the policy. The policy was written to secure this company that had rented this automobile to Textoris, and he was then operating it, and this policy under its conditions of insurance extended to a party driving a car under such circumstances, so that Textoris was entitled to this indemnity in the policy, unless, as claimed by the Indemnity Company, that under his intoxicated condition at that time he was not covered by this policy.

The policy contains a provision, after providing for the protection that we have referred to, as follows:

"And will in addition, in the name and on behalf of the named insured and-or any person, firm or corporation as above defined, defend all claims or suits for damages for such bodily injuries and-or injury, destruction and-or loss of use of property for which damages they are or are alleged to be liable."

In other words, under the condition of this policy, this company agreed to do two things: First, it agreed to provide indemnity for persons operating cars insured by this company unless coming under the exception, and Second, it provided that it would defend any action brought for this purpose for which damage they are or are alleged to be liable.

The Indemnity Company was required under this policy to defend an action in which they were alleged to be liable. The company makes no claim but what it was an action in which they were liable. The Indemnity Company got all the proper notices and it appeared and did start to defend and finally withdrew, as we have stated, so it did not make any difference whether it was liable under this policy or not. It was an accident caused by the operation of an automobile in which the company had insured and damages were alleged and it was required to defend.

We think the Supreme Court of this state has determined this question in the case of **Bloom-Rosenblum-Kline Company v Indemnity Co., 121 Oh St, 220.** This is a case that went up from this county. The Bloom-Rosenblum-Kline Company were wholesale fruit dealers in this city, and this action grew out of the selling of some grapes. The company had coverage on not only their own automobiles but any automobiles which it might hire, and in busy times the company were in the habit of hiring automobiles to deliver grapes that it was selling and delivering. The company was also engaged in selling grapes to any one who might come to the car and buy the grapes and take them away themselves. A party came in with his automobile and bought grapes and started to take them home. There was an accident of some kind, or possibly some one riding in that car was seriously injured by the negligence of the driver of that car. The injured party brought suit against this wholesale company and the Indemnity Company was notified and it started to defend, when it was discovered that to its satisfaction this car was not either owned or hired by this company, but that it belonged to the party who came in and bought their products and was taking them home. The Indemnity Company withdrew from the defense of the suit, and the Bloom-Rosenblum-Kline Company was required to employ counsel and defend the action. The action resulted in a judgment in favor of the defendant, the Bloom-Rosenblum-Kline Company; in other words, that the automobile was not owned by them or employed by them and therefore was not covered by this insurance policy. The Bloom-Rosenblum-Kline Company then brought suit against this Indemnity Company that had issued this insurance policy, to recover the costs that it had been put to, their attorneys' fees and other costs in this case. The Supreme Court held that the Bloom-Rosenblum-Kline Company had a right to recover. The provision in that policy was somewhat different from the one now before the court. The Indemnity Company was required to defend such suit whether groundless or not, but the effect was the same. The policy provided that the Indemnity Company was required to defend whether liable or not liable. The Supreme Court held that it was the duty of the Insurance Company to defend. There was quite a division in the Supreme Court, Judge Jones writing a dissenting opinion, but in the last page of this dissenting opinion he says they are dissenting because in that case the car involved was not under the insurance policy, but if it had been covered by the insurance policy they would not be dissenting.

It was the duty, under this policy, of this company to defend this suit. What it did do was under the policy. The company did not go through with this defense but it can now be held liable for doing what it did. Under the provisions of the contract it had obligated itself to defend and did not waive any right to resist paying the judgment in the future when it was required under its contract to defend. The court is not deciding in this case what the Insurance Com-

pany's liability would be when it did not defend.

We think the Supreme Court settled this question under this policy. The Indemnity Company agreed to do two things; first, to defend any action where accident occurs against a car insured, and the other under the conditions of the policy to pay the liability, and as far as the Insurance Company did go in this case it was doing nothing more than what the contract required it to do, and it did not waive any right in the future by doing what it did do, as far as attempting to defend the action against Textoris. There was no error in the court sustaining the demurrer or refusing to permit the evidence in the trial.

It is further urged that there were errors committed in the case in the court refusing plaintiff's request number three, which refers to intoxication. It is quite long and we will not read it in full:

"It must be established by the greater weight of the evidence that the defendant, Paul Textoris, had partaken of intoxicating liquors to such an extent as to be under its influence, so as to be affected in his nervous and mental processes. rendering him incapable of controlling or operating this automobile as an ordinarily prudent and ordinarily careful driver would operate said motor vehicle under like or similar circumstances."

We think there was no error in refusing to give this request. This was laying down a stronger rule to govern the jury in determining this question than the exception or reservation in this policy provided. The next charge is:

"The court says to you as a matter of law, that even though you find from all the evidence that Paul Textoris had partaken of intoxicating liquor, prior to the occurring of the collision in this case, this would raise no presumption, as a matter of law or as a matter of fact, that the said Paul Textoris was at the time of and before the collision under the influence of intoxicating liquors."

In this request the court was asked to say that the jury should not consider, either as a matter of fact or law, anything about how much liquor the man had drunk, leaving them to determine the amount possibly from his actions.

We think there was no error in this connection. The jury had a right to consider intoxicating liquors drank in determining whether he was under the influence of intoxicating liquor.

There was an error referred to claimed

in the charge. We might say our attention was not called to any page or proposition, but just that there was error in the charge. We have gone through this charge and have not been able to find any prejudicial error in it. There is other error complained of, but it is sufficient to say that there was no error committed in the trial of this case that would affect the substantial rights of the plaintiff, and the judgment of the court below is affirmed.

ROBERTS and FARR, JJ, concur.